**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

Shake Satamian,

      Plaintiff,

      v.

Costco Wholesale Corp.,

      Defendant

2:20-cv-5776-VAP-PDx

**Order DENYING Plaintiff's Motion to Remand (Dkt. 8)**

Before the Court is Plaintiff Shake Satamian's ("Plaintiff") Motion to Remand, filed July 24, 2020. ("Motion," Dkt. 8). Costco Wholesale Corporation opposed the Motion on August 10, 2020. (Dkt. 12). To date, Plaintiff has not filed a Reply.

After considering all papers filed in support of, and in opposition to, the Motion, the Court deems this matter appropriate for resolution without a hearing pursuant to Local Rule 7-15. The Court DENIES the Motion.

**I. BACKGROUND**

On April 23, 2020, Plaintiff commenced an action in Los Angeles Superior Court against Defendant Costco Wholesale Corporation ("Defendant") for personal injury suffered at the Costco Wholesale store located at 6100 Sepulveda Blvd., Los Angeles, CA 91411 (the "Subject Premises"). Plaintiff states that, while "visit[ing] premises owned,

possessed, leased, or otherwise controlled by defendants, . . . she slipped and fell in water and condiments[.]"  (Dkt. 1-1 at 5).  She states, further, that "[t]here was no warned [sic] of the presence of this hazard for those visiting said premises" and that "[t]he aforesaid negligence of defendants, and each of them, proximately caused the damage to the plaintiff stated herein."  (Id.).  In her Complaint, Plaintiff alleged general negligence, premises liability and listed as damages wage loss, loss of use of property, hospital and medical expenses, general damage, property damage, loss of earning capacity, and emotional distress.  (Dkt. 1-1 at 5).  Defendant answered the complaint in state court, (Dkt. 1-2), then removed the action on June 29, 2020.  (Dkt. 1).

Defendant is a citizen of Washington, (Dkt. 12 at 1), and Plaintiff is a California citizen, (Dkt. 8-1 at 2).  Plaintiff concedes that diversity of citizenship exists between the parties, and the amount in controversy exceeds $75,000.  (Dkt. 8-1 at 3).  Thus, Plaintiff does not contest the existence of diversity jurisdiction.  Rather, Plaintiff argues that Defendant's removal of the action was improper because it was not timely.  (Dkt. 8-1 at 1-2).  Defendant, in turn, argues that removal is proper because the "Notice of Removal was [filed] [sic] within 30 days of learning through discovery that the action [was] removable."  (Dkt. 12 at 2).

## II.  LEGAL STANDARD

Removal jurisdiction is governed by statute.  See 28 U.S.C. §§ 1441 et seq.; Libhart v. Santa Monica Dairy Co., 592 F.2d 1062, 1064 (9th Cir. 1979) ("The removal jurisdiction of the federal courts is derived entirely from the statutory authorization of Congress" (citations omitted)).  Defendants may

remove a case to a federal court when a case originally filed in state court presents a federal question or is between citizens of different states. *See* 28 U.S.C. §§ 1441(a)-(b), 1446, 1453. Only those state court actions that originally could have been filed in federal court may be removed. 28 U.S.C. § 1441(a); *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).

The time limit for removal is set forth in 28 U.S.C. § 1446(b), which provides two thirty-day windows during which a case may be removed to a federal district court within: (1) thirty days "after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief which such action or proceeding is based thirty days after a defendant receives the initial pleading"; or (2) thirty days after the defendant receives an "amended pleading, motion, order, or other paper from which it may first be ascertained that the case is . . . or has become removable." 28 U.S.C. § 1446 (b)(3); *Harris v. Bankers Life and Cas. Co.*, 425 F.3d 689, 694 (9th Cir. 2005).

The removal statute is construed strictly against removal. *Ethridge v. Harbor House Rest.*, 861 F.2d 1389, 1393 (9th Cir. 1988). The strong presumption against removal ensures that "the defendant always has the burden of establishing that removal is proper." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citing *Nishimoto v. Federman-Bachrach & Assocs.*, 903 F.2d 709, 712 n.3 (9th Cir. 1990)). Federal jurisdiction "must be rejected if there is any doubt as to the right of removal in the first instance." *Id.*

### III. DISCUSSION

Plaintiff argues that remand is warranted here because Defendant's removal was untimely. Specifically, Plaintiff argues that the thirty-day clock started on March 17, 2020, when Plaintiff's attorney sent a demand letter to Defendant's representative. (Dkt. 8-1 at 2). Plaintiff's position is clearly barred by Ninth Circuit precedent. The Ninth Circuit has held that "other paper," for the purposes of the removal statute, "does not include any document received prior to receipt of the initial pleading." Carvalho v. Equifax Info. Servs., LLC, 629 F.3d 876, 886 (9th Cir. 2010). Thus, although "a demand letter sent during the course of the state court action can constitute "other paper" within the meaning of section 1446(b) if it reflects a reasonable estimate of the plaintiff's claim," where, as here, a "demand letter [is] sent to [a defendant] several months before [a plaintiff] even file[s] her complaint," that pre-litigation demands cannot serve as basis for putting a party on notice as to the amount in controversy. Id. at 885. Thus, the 30-day removal window cannot have started when Plaintiff sent the demand letter.

Defendant, in turn, argues that it did not learn of the basis for federal jurisdiction until June 15, 2020, when Plaintiff's counsel returned discovery responses. (Dkt. 12-1 at 3-4). In its Complaint, Plaintiff did not include citizenship information or the amount in controversy. (Dkt. 1-1). Thus, the first time Defendant learned of the basis for diversity jurisdiction since the inception of this case was when Plaintiff returned discovery responses. (Dkt. 1-5). These responses were executed on June 10, 2020, (Dkt. 1-5 at 25), and served on June 15, 2020, (Dkt. 12-1 at 8). Defendant removed the

action on June 29, 2020, well within the 30-day window. The Court therefore concludes that removal was timely.

### IV. CONCLUSION

The Court accordingly DENIES the Motion to Remand.

**IT IS SO ORDERED.**

Dated: 8/19/20

Virginia A. Phillips
United States District Judge