UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| No. | CV 20-05776-VAP (ASx) | Date | March 29, 2021 |
|---|---|---|---|
| Title | *Shake Satamian v. Costco Wholesale Corporation dba Costco Wholesale Warehouse, and Does 1-50.* | | |

| Present: The Honorable | Alka Sagar, United States Magistrate Judge |
|---|---|
| Alma Felix | Not reported |
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
| None | None |

**Proceedings (In Chambers):**     Order DENYING Defendant's Motion to Compel Depositions of Third-Party Witnesses (Dkt. No. 34)

     On March 24, 2021, Defendant Costco Wholesale Corporation ("Costco") filed a motion to compel the depositions of third-party witnesses Justina Carillo and Jose Ramirez. ("Motion," Dkt. No. 34). Defendant initially served the third party witnesses with deposition subpoenas on January 27, 2021, seeking their attendance at depositions scheduled for February 2, 2021. Id. at 3. When the witnesses failed to respond to Defense counsel's phone calls, they were served with deposition subpoenas on February 22, 2021, seeking their attendance at depositions scheduled for March 10, 2021. Id. When the witnesses failed to appear, Defendant took certificates of non-compliance. Id.

     The relief Plaintiff seeks is unavailable. Third-party subpoenas for discovery are governed under Rule 45 of the Federal Rules of Civil Procedure. Under Rule 45, when the third party responds to a subpoena with objections, the party who served the subpoena may move for an order compelling compliance. See Fed. R. Civ. P. 45(d)(2)-(3). However, Rule 45 does not contemplate such motions unless the third party has responded. Otherwise, if the subpoena recipient "fails without adequate excuse to obey the subpoena or an order related to it," Rule 45 permits the court to hold the party in contempt. Fed. R. Civ. P. 45(g). Contempt appears to be the only sanction available when a third party does not respond to a subpoena under Rule 45. See Delis v. Sionix Corp., 2014 WL 12603094, at *1 (C.D. Cal. Sept. 30, 2014) ("[T]he only sanction available where a non-party witness fails without adequate excuse to obey a properly-served subpoena is a contempt citation."); Echostar Satellite L.L.C. v. Viewtech, Inc., 2010 WL 653186, at *1 (E.D. Cal. Feb. 22, 2010) ("If the recipient fails or refuses to respond to the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| No. | CV 20-05776-VAP (ASx) | Date | March 29, 2021 |
|---|---|---|---|
| Title | *Shake Satamian v. Costco Wholesale Corporation dba Costco Wholesale Warehouse, and Does 1-50.* | | |

subpoena, the proponent may first try to negotiate compliance, as by offering to meet and confer, but ultimately, it the recipient fails to comply without adequate excuse, the recipient is in contempt of court, and the proponent must file an application for an order to show cause why a contempt citation should not issue.") (citing Alcade v. NAC Real Estate Invs. & Assignments, Inc., 580 F. Supp. 2d 969, 971 (C.D. Cal. 2008)).

Here, because the third-party witnesses did not move to quash or otherwise respond to Defendant's subpoena, Defendant's only remedy with the Court is to file an appropriate application seeking an order of contempt. Even if Defendant's Motion could be construed as such an application, magistrate judges do not have sanction powers, except in limited circumstances that are not applicable here. See 28 U.S.C. § 636(e); see also Central District General Order 05-07 (providing that "applications or motions seeking contempt except as provided in 28 U.S.C. § 636(e) or any successor statute" may not be referred to the assigned magistrate judge). Accordingly, Defendant's Motion is **DENIED**.

Accordingly, the hearing on April 22, 2021 is VACATED.

IT IS SO ORDERED.

cc: Virginia A. Phillips
United States District Judge

|  | 0 | : | 00 |
|---|---|---|---|
| Initials of Preparer | AF | | |